IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| METHODIST HEALTH SERVICES CORPORATION, | Case No.: 13-cv-1054 |
| Plaintiff, | Judge: Sara Darrow |
|  | Magistrate Judge: Jonathan E. Hawley |
| v. | |
| OSF HEALTHCARE SYSTEM, an Illinois not-for-profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, | |
| Defendant. | |

## OSF HEALTHCARE SYSTEM'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendant, OSF Healthcare System ("OSF"), by and through counsel, moves for judgment on the pleadings against Plaintiff UnityPoint Health – Methodist f/k/a Methodist Health Services Corporation ("UPM") pursuant to Federal Rule of Civil Procedure 12(c):

1. UPM's claims are all based on the theory that OSF has substantially foreclosed two alleged relevant markets for health care services by entering into alleged exclusive contracts with four private health insurance companies. UPM, however, cannot sustain these allegations of market foreclosure, as it has pled deficient product markets. Without a viable product market, UPM's claims collapse.

2. The product market UPM alleges excludes government payors for services, such as Medicare and Medicaid. OSF and UPM, however, sell the relevant health care services to government programs like Medicare. When weighing foreclosure, the relevant market must include the full range of selling opportunities reasonably open to OSF's rivals. UPM's product market is thus artificially restricted and legally deficient.

3. In addition, UPM's claims for exclusive dealing allege foreclosure of only an artificial subset of the alleged relevant product market by inappropriately focusing on only fully-insured commercial (i.e., non-governmental) health plans, while implausibly excluding employer self-insured commercial health plans, such as that of Caterpillar Inc. But again, these are large and viable buyers of the relevant health care services and they cannot be artificially cut out of the alleged relevant market.

4. Not having pled a cognizable product market, UPM's antitrust allegations fail as a matter of law. UPM's remaining tort and fraud claims arise from the same core of facts as its antitrust claims, and therefore fail as well.

5. No amount of discovery can cure the fatal insufficiencies in UPM's product market allegations.

WHEREFORE, OSF respectfully prays this Court enter judgment against UPM on the pleadings, and dismiss UPM's complaint.

Dated: March 20, 2014                    Respectfully submitted,

/s/ Barbara Sicalides
Barbara Sicalides (Lead Counsel)
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215-981-4783
Facsimile: 215-981-4750
sicalidb@pepperlaw.com
bassmanb@pepperlaw.com

and

L. Lee Smith
HINSHAW & CULBERTSON LLP

2

416 Main Street, 6th Floor
Peoria, IL 61602
Telephone: 309-674-1025
Facsimile: 309-674-9328
lsmith@hinshawlaw.com

Attorneys for Defendant
OSF HEALTHCARE SYSTEM, an Illinois not-for-profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER

**CERTIFICATE OF SERVICE**

   I hereby certify that on **March 20, 2014**, I electronically filed this **OSF HEALTHCARE SYSTEM'S MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Richard T. Greenberg
Angelo M. Russo
Andrew R. Woltman
Susan E. Groh
Kathleen M. Cunniff
MCGUIREWOODS, LLP
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
(*Attorneys for Plaintiff*)

                /s/ Barbara Sicalides

Barbara Sicalides