IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| METHODIST HEALTH SERVICES CORPORATION<br>    Plaintiff,<br><br>v.<br><br>OSF HEALTHCARE SYSTEM d/b/a SAINT FRANCIS MEDICAL CENTER<br>    Defendant. | No. 13-1054 |

**Order**

Now before the Court is the Defendant OSF Healthcare System's (OSF) Motion to Stay Discovery (Doc. 81). The Motion is fully briefed and for the reasons stated herein, the Motion to Stay Discovery (Doc. 81) is DENIED.

The Plaintiff Methodist Health Services Corporation (Methodist) filed its lawsuit on February 5, 2013 claiming violations of Sections 1 and 2 of the Sherman Act, the Illinois Antitrust Act, the Illinois Consumer Fraud Act, and tortious interference with prospective economic advantage. In the Complaint, the Plaintiff identified two relevant product markets in the tri-county area of Peoria, Tazewell, and Woodford:  1) the sale of general acute-care inpatient hospital services to commercial health insurers; and 2) the sale of outpatient surgical services to commercial health insurers.

1

On May 22, 2013, the parties' discovery plan was approved, and the Court set the following schedule: all fact discovery to be completed by October 3, 2014; all discovery to be completed by May 29, 2015; and dispositive motions to be filed by June 9, 2015. *See* 5/22/2013 Minute Entry. Discovery has been proceeding since that time. On March 20, 2014, the Defendant simultaneously filed the instant Motion to Stay Discovery and a Motion for Judgment on the Pleadings.

The Defendant seeks a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c). Federal Rule of Civil Procedure 26(c) provides in relevant part that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FRCP 26(c). Thus, FRCP 26(c) provides the Court with discretion to enter an order staying discovery. The Court need not enter a stay of discovery upon the filing of a motion for judgment on the pleadings. *SK Hand Tool Corporation v Dresser Industries*, 852 F2d 936, 945 (7th Cir 1988) (agreeing that there is no requirement that discovery cease during the pendency of a motion to dismiss); *New England Carpenters Health & Welfare Fund v Abbott Laboratories*, 2013 WL 690613, *1 (ND Ill 2013); *In re Sulfuric Acid Antiturst Litigation*, 231 FRD 331, 336 (ND Ill 2005). Instead, whether a stay should be granted is determined by the facts of a particular case. *Cohn v. Taco Bell Corp.*, 147 FRD 154, 162 (ND Ill 1993)

(finding that staying discovery was "particularly inappropriate" in the case for various reasons pertaining to the facts of that case); *Forest River, Inc. v Heartland Recreational Vehicles, LLC*, 2012 WL 4049268, *2 (ND Ind 2012), citing *Duneland Dialysis LLC v Anthem Insurance Companies, Inc.*, 2010 WL 1418392, *2 (ND Ind 2010).

The Court finds that a stay of discovery is not warranted under the particular circumstances of this case. Here, the Defendant did not file its Motion for Judgment on the Pleadings until more than one year after the case was filed and until after it had vigorously engaged in discovery for over nine months. Notably, the Defendant pursued a Motion to Compel Discovery directed toward Methodist one month *before* it filed its Motion to Stay and Motion for Judgment on the Pleadings. The Defendant itself acknowledges that it has already expended significant resources on document discovery in this case. Nevertheless, it argues that this expenditure should be no reason to keep spending money when this case can be decided on the pleadings alone.

However, while the Motion for Judgment on the Pleadings is still pending, there is nothing preventing the Defendant (and the Plaintiff) from limiting its discovery efforts in light of that fact. See *Syngenta Seeds, Inc v. BTA Branded, Inc.*, 2007 WL 3256848, at *2 (ND Ill 2007) ("It is common sense that clients' pocketbooks are best served by constraining discovery in the face of a motion to

dismiss . . . ."). For example, the parties could review the discovery remaining and agree only to conduct the least burdensome or expensive discovery while the dispositive motion is pending. Such an agreement would benefit both parties and strike a balance between the need to keep moving through the discovery process while minimizing cost in the event of dismissal.

Thus, the fact that antitrust litigation may generally involve more expensive, burdensome discovery, does not necessitate a stay in this case where the parties can actively limit their discovery during the pendency of the Motion for Judgment on the Pleadings. *See Nexstar Broadcasting, Inc. v Granite Broadcasting Corp.*, 2011 WL 4345432, *2-3 (ND Ind 2011) (explaining that discovery concerns are especially great in antitrust litigation where discovery can quickly become very expensive and burdensome to defendants); *compare New England Carpenters Health and Welfare Fund*, 2013 WL 690613, *3 ("[*Bell Atlantic Corp. v Twombly's*], concerns with the potential costs associated with antitrust discovery is not . . . tantamount to an automatic prohibition on discovery in every antitrust case where defendants challenge the sufficiency of a complaint"), quoting *DSM Desotech Inc. v 3D Systems Corp.*, 2008 WL 4812440, *3 (ND Ill 2008). Also, as the Plaintiff suggests, the Defendant or any third party may at the appropriate time seek a protective order that is supported by the relevant discovery rules.

Next, the Defendant's Motion for Judgment on the Pleadings does not raise the threshold issues of standing, jurisdiction, or qualified immunity. These issues are typically raised very early in the proceedings in the answer to the complaint or in a motion to dismiss. They are raised at such an early time to avoid the expense of proceeding with a case that can go nowhere because those things are lacking or immunity exists. Accordingly, such issues are those that often support a discovery stay. *See Tamburo v Dworkin*, 2010 WL 4867346, *1 (ND Ill 2010) (explaining that a discovery stay is "generally only appropriate when a party raises a potentially dispositive threshold issue such as" standing or qualified immunity); *DSM Desotech Inc*, 2008 WL 4812440, *2 (providing that discovery stays are deemed appropriate where the motion to dismiss can resolve a threshold issue like jurisdiction, standing, or qualified immunity); *EEOC v Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, *2 (ND Ind 2012) (explaining that a discovery stay is appropriate in a case where a pending motion to dismiss, among other things, "raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing"). Here, the difference is that the issues raised in OSF's Motion for Judgment on the Pleadings are not as straightforward as the "typical" threshold issues so as to be susceptible to an early motion to dismiss.

The Court will not speculate about the outcome of the Motion for Judgment on the Pleadings at this time, but the Court can recognize that the

issues raised in that Motion are not the "threshold issues" typically identified by the courts in the Seventh Circuit deciding the question of whether to issue a discovery stay pending resolution of a motion to dismiss.

Finally, the fact that the Defendant delayed so long in filing its Motion for Judgment on the Pleadings and in the meantime engaged in extensive discovery does not indicate good cause on its part in now seeking a stay of discovery. *See Inland American (LIP) Sub, LLC v Lauth*, 2010 WL 670546, *2 (SD Ind 2010) (explaining that the defendant's delay in requesting a discovery stay was one reason why the stay would not be granted because the delay showed a lack of diligence inconsistent with the good cause finding necessary under FRCP 26(c)(1)(D)). Had the Defendant filed the Motion sooner before the already extensive discovery which has now taken place, a stay at that time might have made more sense. But after vigorously pursuing discovery for nearly a year – even filing a motion to compel approximately 30 days *before* requesting the stay – the process is well under way and should continue. Whereas a motion filed sooner may have tipped the balance toward a stay as the proper way to balance the interests between the risk of unnecessary expense versus unnecessary delay, the scale is tipped in the opposite direction at this stage in the case; the risk of unnecessary delay in the event of denial of the Motion for Judgment on the

Pleadings outweighs the risk of unnecessary expense in the event of it being granted.

For all these reasons, OSF's Motion to Stay Discovery is DENIED ([Doc. 81](#)).

Entered on May 6, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
